**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JOSE VILLELA, | ) | |
| ID # 44387-177, | ) | |
| Movant, | ) | No. 3:13-CV-3645-O (BH) |
| vs. | ) | No. 3:12-CR-0058-O (01) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings, evidence and applicable law, the motion to vacate should be **DENIED**.

**I.  BACKGROUND**

Jose Villela (Movant), a current inmate in the federal prison system, brings this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 to challenge his federal conviction and sentence in Cause No. 3:12-CR-0058-O (1). The respondent is the United States of America (Government).

On May 18, 2012, Movant was charged by superseding information with making a false statement during the purchase of a firearm in violation of 18 U.S.C. § 924(a)(1)(A). (*See* doc. 9).[1] He pled guilty pursuant to a plea agreement on May 24, 2012. (docs. 12, 17). On September 20, 2012, he was sentenced to 60 months of imprisonment, followed by a one-year term of supervised release. (doc. 28, 30). In the statement of reasons for the sentence, the Court adopted the presentencing investigation report (PSR), with the exception of the recommendation that Movant

---

[1]  All document numbers refer to the docket number assigned in the underlying criminal action.

not receive a two-level reduction for acceptance of responsibility.[2] Application of the two-level reduction resulted in a total offense level of 26, a criminal history level I, and a guideline sentencing range of 63 to 78 months. Because 60 months is the maximum sentence authorized by statute, the Court determined the imprisonment range to be 60 months, below the sentencing guideline range. (*See* doc. 31; PSR ¶ 66). Movant did not appeal his conviction or sentence.

Movant now raises four claims: (1) the Court violated his Due Process rights by failing to notify him of the court's intention to depart from the guidelines; (2) the Court violated his Due Process rights by failing to issue a statement of reasons for the sentence imposed, as required by 18 U.S.C. § 3553(c)(2); (3) the Court violated his Due Process rights when it failed to apply a 2-point reduction for acceptance of responsibility; and (4) the Court violated his Sixth Amendment rights when it enhanced his sentence based on elements not stipulated to or found beyond a reasonable doubt by a jury, in violation of *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (Motion at 7-8, Brief at 3-13).

## II. WAIVER

Movant voluntarily pled guilty and waived his right to appeal his conviction or sentence, except that he reserved his right to bring: 1) a direct appeal of a sentence exceeding the statutory maximum punishment or an arithmetic error at sentencing; or 2) a collateral proceeding challenging the voluntariness of his plea and waiver and ineffective assistance of counsel. (*See* doc. 12). He did not directly appeal his conviction. Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). "A defendant's waiver

---

[2] The recommendation was based on Movant's violation of his conditions of pre-trial release by testing positive for marijuana use and committing an assault. (*See* PSR ¶¶ 21, 22, 32).

of [his or] her right to appeal is not informed if the defendant does not know the possible consequences of [the] decision." *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992). A defendant's waiver of the right to appeal requires special attention from the district court, and it is the district court's responsibility to ensure that a defendant fully understands his right to appeal and the consequences of waiving that right. *Id*.

Movant does not contend in any of his claims either that his guilty plea or waiver were involuntary, or that his attorney was ineffective in his representation. Because his claims fall outside this narrow exception, he may not assert them in this § 2255 motion, and they should be dismissed.

### III. SUMMARY DISMISSAL

Notwithstanding the waiver, Movant's claims are also without merit and subject to summary dismissal on that basis as well.

Movant first asserts that the Court did not provide him notice of its intent to depart from the sentencing guidelines. Rule 32(h) requires a court to give the parties reasonable notice of any possible departure from the sentencing range not identified in the PSR or in a party's pre-hearing submission. *See* FED. R. CRIM. PROC. 32(h). The Court did not depart from the applicable sentencing range in this case. The applicable sentencing range as a result of Movant's receipt of a two-level reduction for acceptance of responsibility was 63-78 months, which was higher than the 60-month maximum statutory sentence he ultimately received. (*See* U.S.S.G. §5A). While Movant claims that he should have received a sentenced of between 41 and 51 months (Brief at 5), he has provided no evidence that the Court violated Rule 32(h).

Movant next asserts that the Court violated his Due Process rights because it failed to issue a statement of reasons for the judgment pursuant to 18 U.S.C. § 3553(c)(2), and because he did not

3

receive a two-level reduction for acceptance of responsibility. As noted, Movant did receive a two-level reduction for acceptance of responsibility, and this is reflected in the Court's statement of reasons. (doc. 31). While Movant argues that the statement of reasons is insufficient because it does not state why the Court upwardly departed from the sentencing guideline range (Brief at 6-7), he did not receive a sentence above the guideline range.

Finally, Movant asserts that his sentence violated *Alleyne v. United States* and *Apprendi v. New Jersey*, because he was sentenced above the maximum statutory sentence based on factors not stipulated to or found beyond a reasonable doubt by a jury. (Brief at 13). In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an element of a crime that must be submitted to a jury. *Id*. at 2158. In *Apprendi*, the Supreme Court held that other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be either stipulated to or submitted to a jury and proven beyond a reasonable doubt. 530 U.S. at 482-83. Movant was not sentenced to a sentence above the statutory maximum; he received the statutory maximum of 60 months. The crime to which he pled guilty does not have a mandatory minimum sentence. (*See* doc. 31). Therefore, his sentence did not violate either *Alleyne* or *Apprendi*.[3]

Because it plainly appears from the record of prior proceedings that Movant is not entitled to relief based on the grounds he raises, this action is subject to summary dismissal.

## IV. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case

---

[3] Although he was sentenced to the statutory maximum, Movant benefitted from pleading guilty to a one-count superseding information because the maximum sentence for the charge in the initial indictment would have been ten years. (*See* PSR ¶ 68).

4

conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## V. RECOMMENDATION

Movant's motion to vacate, set aside, or correct sentence should be summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**SIGNED this 12th day of September, 2013.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE