IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE VILLELA, ID # 44387-177, | § § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action No. 3:13-cv-3645-O |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation (ECF No. 4), filed September 12, 2013, in this case. Petitioner filed Objections (ECF No. 5), filed September 27, 2013. The Court has conducted a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

As an initial matter, in the statement of reasons for Petitioner's sentence, the Court adopted the presentencing investigation report ("PSR"), but applied the two-level reduction for acceptance of responsibility, which resulted in a guideline sentencing range of 63 to 78 months.[1] *See* Findings, Conclusions, and Recommendation 1-2, ECF No. 4. However, the Court sentenced Petitioner to 60 months imprisonment, the statutory maximum allowable under 18 U.S.C. § 924(a)(1)(A), which was below the sentencing guideline range. *See id.* at 2; *see also* 18 U.S.C. § 924(a)(1).

---

[1] Petitioner states that "there is a lack of communication" because the judgment on file with the Federal Bureau of Prisons does not state that the Court applied the two-level reduction for acceptance of responsibility. *See* Pet'r Objection 1, ECF No. 5. However, the Court's Statement of Reasons applied the two-level reduction for acceptance of responsibility. *See* Findings, Conclusions, and Recommendation 1, ECF No. 4.

Petitioner asserts that he did not waive his right to appeal his sentence and, therefore, he preserved all "collateral attacks against his sentence" because he was advised by the Court of his right to appeal. *See* Pet's Objection 2-3, ECF No. 5; *id.* at 6. However, Petitioner's plea agreement, signed by Petitioner and his attorney, stated that he voluntarily agrees to waive his rights to appeal his sentence *and* conviction, including "any collateral proceeding" under 28 U.S.C. § 2255. *See United States v. Villela*, No. 3:12-cv-58-O, ECF No. 12, p. 4 (N.D. Tex. May 18, 2012) (Petitioner also waived his rights under 28 U.S.C. § 1291, 18 U.S.C. § 3742, and 28 U.S.C. § 2241). Petitioner's plea agreement specifically reserved his right to bring (1) a direct appeal of a sentence exceeding the statutory maximum punishment or an arithmetic error at sentencing, (2) a challenge to the voluntariness of his guilty plea or the waiver, or (3) a claim of ineffective assistance of counsel. *See Villela*, No. 3:12-cv-58-O, ECF No. 12, p. 4; *see also* Pet'r Objection 6, ECF No. 5. As noted, Petitioner's sentence did not exceed the statutory maximum punishment and he did not bring a claim of ineffective assistance of counsel. *See generally* Pet'r Objection, ECF No. 5; *see also* 18 U.S.C. § 924(a)(1). Petitioner also failed to directly appeal his conviction. *See* Findings, Conclusions, and Recommendation 2, ECF No. 4.

Petitioner challenges the voluntariness of his waiver, noting that the Court advised him that he had a right to appeal his sentence.[2] *See* Pet'r Objection 3, ECF No. 5. However, Petitioner knowingly and voluntarily waived his rights to appeal his sentence and conviction, except for the above-mentioned reserved rights, when he signed his plea agreement. *See Villela*, No. 3:12-cv-58-O,

---

[2] Petitioner also argues that his sentencing guideline range and sentence were "illegal and outside the Congressional intent for the crime." *See* Pet'r Objection 4, ECF No. 5. However, Petitioner was sentenced to 60 months, which is the statutory maximum. *See* 18 U.S.C. § 924(a)(1); Findings, Conclusions, and Recommendation 3-4, ECF No. 4.

2

ECF No. 12, p. 4. Petitioner, and his attorney, signed the plea agreement and Petitioner stated that he "fully understand[s] it and voluntarily agree[s] to it." *See id.* at 6; *see also United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (discussing defendant's voluntary waiver of all rights to appeal sentence and waiver of post-conviction relief). Accordingly, the Court finds that Petitioner's objections are without merit.

Based on the foregoing, the Court finds that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are correct. Petitioner's objections are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge as the findings of the Court. Accordingly, Petitioner's Motion to Vacate is **DENIED**.

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the Magistrate Judge, the Court **DENIES** Petitioner a Certificate of Appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[3]

---

[3] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28

In the event that Petitioner files a notice of appeal, he is informed that he must pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

**SO ORDERED** on this **2nd day** of **October, 2013.**

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**

---

U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
(**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.